## DIEGO AGUEROS·

*v.*

## MERCEDES SANJURJO AND LOIZA SUGAR COMPANY.

---

San Juan, Law, No. 1385.

LIABILITY OF TORT-FEASORS.

Domicil—Foreigner.

    1. If the complaint does not show that a foreigner is domiciled in Porto Rico, the jurisdiction of the Federal court attaches.

Joinder of Causes of Action—Injury to Automobile and Person.

    2. Joinder of an injury to one's automobile with one to his person is permitted under the Porto Rican Code of Civil Procedure.

Railroad Company—Not Having a Guard.

    3. The joinder of a railroad company in a suit for an injury by another defendant is improper.

Opinion filed June 26, 1920.

---

*Messrs. Soto, Gras,* and *Siaca* for plaintiff.

*Messrs. Eduardo Acuña* and *J. Henri Brown* for defendant company.

*Mr. E. H. F. Dotlin* for defendant Sanjurjo.

HAMILTON, Judge, delivered the following opinion:

The complaint is for damages received on a public road from plaintiff's automobile being run down by a cane car let

loose on an incline in a neighboring field. The demurrer raises three points.

1. It is alleged that the plaintiff is a foreigner domiciled in Porto Rico and therefore cannot come into the Federal court. This has been recently decided in the Supreme Court in the case of Diaz Mor v. Porto Rico R. Light & P. Co. upon certificate of the circuit court of appeals as to the jurisdiction of this court. The decision was that under the Jones Act a foreigner domiciled in Porto Rico is not subject to the jurisdiction of the Federal court. If domicil had been stated in the complaint, the case at bar would come within the scope of this decision; but the domicil of the plaintiff is not stated. The allegation merely is that he is a subject of the King of Spain, without stating his domicil. Under this decision there appears to be no reason why a foreigner not domiciled in Porto Rico cannot sue in the national courts. It may well be that the facts will develop the plaintiff to be domiciled here, but this will not be presumed. This ground of demurrer is not well taken.

2. It is claimed, further, that an action for injury to the person has been improperly joined with an action for damages to property. Section 104 of the Code of Civil Procedure says that the plaintiff may unite causes belonging to one only of specified classes, among which being (6) injuries to persons, and (7) injuries to property. In the case at bar the plaintiff claims to have been in an automobile, and the car of the defendants injured him and destroyed his property at the same time. Suing for both is not joining separate causes of action; requiring a plaintiff to bring two suits, it may be in two different courts, for defendants' injury to his person and for injury to his property at one time and place, would be splitting the cause of action. The plaintiff was injured by one act of the

defendants, and it must constitute, therefore, only one cause of action. If that happens to injure plaintiff's hand and his foot, or his head and his automobile, or to have any other two different elements combined in it, it nevertheless remains one thing and should give rise to but one suit. Recoupment reconvention, may set off anything growing out of a transaction sued on, and it would be strange if the plaintiff's rights were less than the defendant's. Code Civ. Proc. § 111. Alabama has a somewhat similar rule as to separation of causes of action, based likewise upon the common law, and it has been held there that trespass to land and person may be joined in one action where the cause of action is one transaction. Henry v. Carlton, 113 Ala. 639, 21 So. 225.

3. It is alleged that the facts stated are not sufficient as against the defendant Loiza Sugar Company in that the negligence of that company, if it existed, consisted in not having a guard or chain at the crossing, and it is not shown that if there had been a guard or chain the accident would have been avoided. It is at the least doubtful whether having such a guard would have made any difference in the result, and there is need of further allegation if such was the case. Failure to blow a whistle or other neglect of statutory requirements which is not shown to have contributed to an accident is uniformly held not to constitute negligence for the purposes of a private suit. It would seem that this ground of demurrer is well taken. This is true whether the Railroad Law applies in such case, or whether it would be the duty of the defendant to have such a guard on the ground of the care required under § 1803 of the Civil Code. This ground of demurrer, therefore, is sustained.

Otherwise the demurrer is overruled. It is so ordered.